# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ERIC CHIRINOS, | ) |
| | ) Civil Action |
| Plaintiff, | ) No. |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| THE KROGER CO., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Eric Chirinos, by and through undersigned counsel, and files this Complaint for Damages against Defendant The Kroger Co. ("Defendant"), and states as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

1

## **PARTIES**

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District. Defendant is subject to specific jurisdiction over the claims asserted herein. Venue is appropriate given that the acts and omissions giving rise to Plaintiff's claims occurred in this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, Georgia 30060.

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). Upon Plaintiff's request, the EEOC issued a notice of right to sue with respect to Plaintiff's charge, allowing for an action to be filed within 90 days of issuance. This action has been filed within 90 days of issuance of the notice of right to sue.

## **FACTUAL ALLEGATIONS**

7.

Defendant has now, and at all times relevant hereto, has been an employer subject to the ADA.

8.

Plaintiff applied for a bagger position with Defendant.

9.

Plaintiff suffers from a disability, which is readily apparent to people when they meet him. In particular, Plaintiff suffers from an underdeveloped foot. As a result, Plaintiff wears a leg brace.

10.

On or about May 11, 2022, Plaintiff was brought in for an interview for the position.

11.

Plaintiff interviewed for the position with a manager named Natalie. He informed her that he wears a prosthesis and may need to take a quick break throughout the day. She cut him off and told Plaintiff that this would not work with them, and he needed to find employment elsewhere. Specifically, the manager ended

the interview and made these comments directly after Plaintiff informed her of his reliance on his prosthesis to walk.

12.

Plaintiff was and is capable of performing the position for which he applied.

13.

This was going to be Plaintiff's first job and when he left the interview, his father picked him up in the parking lot in tears.

13.

Plaintiff was and is qualified to perform the position for which he applied, including the essential functions of the position.

14.

Defendant failed to hire Plaintiff because of his disability, or perceived disability, in violation of the Americans with Disabilities Act, as amended.

15.

In failing to hire Plaintiff, Defendant discriminated against Plaintiff because of his disability or perceived disability.

16.

Plaintiff has suffered damages, including lost wages and emotional distress as a direct result of Defendant's unlawful actions.

## **CLAIMS FOR RELIEF**

## **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT ("ADA") (ADA DISCRIMINATION)**

17.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

18.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

19.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

20.

At times relevant to this action, Plaintiff has been an individual with disabilities as that term has been defined by the ADA.

21.

At times relevant to this action, Defendant and all individuals involved in the decision not to hire Plaintiff were aware of Plaintiff's disability, including at the time of Defendant's failure to hire Plaintiff.

22.

Plaintiff's disability or perceived disability was the determinative factor in Defendant's decision to not to hire Plaintiff.

23.

At all times relevant, Plaintiff could perform the essential functions of the position he was denied.

24.

Defendant "regarded" Plaintiff as having "disabilities" under the ADA.

25.

In failing to hire Plaintiff, Defendant discriminated against Plaintiff because of his disabilities or perceived disabilities, thus violating Plaintiff's rights under the ADA entitling him to all appropriate relief thereunder.

26.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which he is entitled to recover from Defendant.

27.

Defendant discriminated against Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has

not only deprived Plaintiff of equal employment opportunities, but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

28.

Plaintiff seeks and is entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which he may be entitled.

This 13th day of September, 2022.

**BARRETT & FARAHANY**

*s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
severin@justiceatwork.com